**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000933
20-APR-2023
07:50 AM
Dkt. 141 SO**

NO. CAAP-18-0000933

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ANASTASIA LYTLE, Plaintiff-Appellant,
and
ALAN CARPENTER and SUSAN COURTNEY CARPENTER, Plaintiffs,
v.
AIRBORNE AVIATION, INC.; AIRBORNE AVIATION, LLC;
and CHRISTOPHER KIM, Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 15-1-0131 JKW)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

This appeal arises out of a dispute involving a helicopter accident. The State of Hawai'i (**State**) engages in regular clean-up operations in the Napali Coast State Wilderness Park on Kaua'i. The remote location requires helicopters to pick up and remove trash bundles via sling lines attached to the helicopter. The State periodically hires private helicopter companies for this purpose. During one of these operations, Plaintiff-Appellant Anastasia Lytle (**Lytle**) was a passenger in a helicopter operated by Defendants-Appellees Airborne Aviation, Inc., and Airborne Aviation, LLC, and piloted by Defendant-Appellee Christopher Kim (**Kim**) (collectively, **Airborne**). That

day, just after Kim landed the helicopter in a designated landing zone, a loose tarp, apparently from a trash bundle, was sucked into the helicopter's rotor blades, causing one of the blades to sheer off.  This caused violent shaking, which allegedly caused Lytle to suffer severe injuries.

Lytle appeals from the March 13, 2019 Final Judgment (**Judgment**), entered in favor of Airborne and against Lytle by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]  Lytle also challenges the following orders entered on November 7, 2018 by the Circuit Court: (1) the "Order Striking the Supplemental Affidavit of Scott Cloud Dated September 21, 2018" (**Order Striking the Third Cloud Affidavit**); and (2) the "Order Granting [Airborne's] Second Motion for Summary Judgment Filed August 30, 2018" (**Order Granting Airborne's Second MSJ**).[2]

On appeal, Lytle contends that the Circuit Court erred: (1) in striking the supplemental affidavit of her expert Scott Cloud (**Cloud**), filed on September 24, 2018 (**Third Cloud Affidavit**); and (2) in granting Airborne's Second Motion for Summary Judgment (**Airborne's Second MSJ**), filed on August 30, 2018, where "[d]isputed issues of fact exist as to [Lytle's] negligence claims . . . ."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Lytle's contentions as follows and affirm.

(1) Lytle filed the Third Cloud Affidavit as part of her September 24, 2018 opposition to Airborne's Second MSJ.  In response, Airborne argued that the Third Cloud Affidavit was new and should be disregarded pursuant to the Circuit Court's February 9, 2018 Amended Order Setting Trial Date **(Trial-Setting**

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

[2]     Lytle filed her December 6, 2019 notice of appeal prematurely, following entry of the Order Striking the Third Cloud Affidavit and the Order Granting Airborne's Second MSJ, but before entry of the Judgment.  Pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2), Lytle's notice of appeal is deemed filed immediately after the time the Judgment became final for the purpose of appeal.

**Order**)[3/] Specifically, Airborne maintained that Lytle did not produce the Third Cloud Affidavit or a written report including Cloud's new opinions prior to filing her opposition on September 24, 2018, over four months after the deadline imposed in the Trial-Setting Order.

During the October 2, 2018 hearing on Airborne's Second MSJ, the Circuit Court questioned Lytle's counsel regarding Airborne's contention. Counsel responded that Cloud had provided two prior affidavits, as well as his deposition testimony, to Airborne. On November 7, 2018, the Circuit Court entered the Order Striking the Third Cloud Affidavit concurrently with the Order Granting Airborne's Second MSJ.

On appeal, Lytle contends that the Circuit Court erred in striking the Third Cloud Affidavit where: (a) it was timely filed pursuant to Hawaiʻi Rules of Civil Procedure Rule 56(c); (b) "the majority of . . . Cloud's opinions" had been timely disclosed to Airborne in two affidavits filed as part of Lytle's October 10, 2017 opposition to Airborne's first motion for summary judgment (**Airborne's First MSJ**); and (c) Cloud had testified to "the substance of all of his opinions" set forth in the Third Cloud Affidavit at his August 17, 2018 deposition.

We review the Circuit Court's decision to strike the Third Cloud Affidavit for abuse of discretion. See, e.g., Nozawa

---

[3/] The Trial-Setting Order provided, in relevant part:

IT IS HEREBY FURTHER ORDERED that on or before 12:00 Noon April 23, 2018, the plaintiff and, thirty (30) days thereafter, the defendant shall file with the Court the names, addresses and telephone numbers of all the witnesses the party intends to call and a summary of the substance of each witness's expected testimony. In addition, each party shall state the field of expertise of any and all expert witnesses. Within fifteen (15) days of their respective filing date, each party shall provide the other with a written expert report which includes the materials considered and the facts relied upon by the expert, the opinions and conclusions made or formed by the expert and the basis for such opinions and conclusions. *Any witness not named as provided herein and any expert witness, although named, whose report is not provided as herein required will not, except as otherwise provided by the Rules of the Circuit Courts of the State of Hawaii be permitted to testify at trial*.

(Original emphases omitted; new emphases added.)

3

v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018) (ruling that the circuit court abused its discretion in striking a declaration that allegedly exceeded the scope of, but was deemed on appeal to comply with, a supplemental briefing order).  In this regard, we note that "trial courts have broad powers to control the litigation process before them, including the presentation of evidence."  Weinberg v. Dickson-Weinberg, 123 Hawaiʻi 68, 75, 229 P.3d 1133, 1140 (2010) (citing Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawaiʻi 494, 507, 880 P.2d 169, 182 (1994), superseded by rule on other grounds, as recognized in DL v. CL, 146 Hawaiʻi 415, 422, 463 P.3d 1072, 1079 (2020)).  "The courts also have inherent power to curb abuses and promote a fair process which extends to the preclusion of evidence . . . ."  Id. at 75, 229 P.3d 1133, 1140 (quoting Richardson, 76 Hawaiʻi at 507, 880 P.2d at 182).  For example, it was well within the circuit court's discretion to strike the testimony of a party's witnesses for its failure to comply with the court's deadline for disclosing witnesses.  Chen v. Mah, No. CAAP-16-0000712, 2019 WL 1198546, at *3 (Haw. App. Mar. 14, 2019), aff'd, 146 Hawaiʻi 157, 170, 457 P.3d 796, 809 (2020); see also Glover v. Grace Pac. Corp., 86 Hawaiʻi 154, 156, 164, 948 P.2d 575, 577, 585 (App. 1997) (affirming the trial court's decision to strike the plaintiff's expert economic witness because he did not reach his final opinion before the discovery cutoff date).

Here, Lytle does not dispute that she failed to produce a written expert report by Cloud, as required by the Circuit Court's Trial-Setting Order.  In addition, Lytle implicitly acknowledges that at least some of the opinions expressed in the Third Cloud Affidavit were not previously set forth in Cloud's prior two affidavits.  We further note that the Circuit Court did not strike Cloud's prior two affidavits or his deposition testimony, which remained part of the record.  In these circumstances, the Circuit Court did not abuse its discretion in striking the Third Cloud Affidavit.

(2) Lytle contends that the Circuit Court erred in granting Airborne's Second MSJ, where there were "disputed issues

of fact" regarding Lytle's "negligence claims" against Airborne. Lytle argues that the Third Cloud Declaration establishes these "disputed issues of fact" and, even if that declaration is disregarded, "[s]ubstantial evidence of disputed issues of fact" is contained in Cloud's deposition transcript, which was attached in whole to the opposition to Airborne's Second MSJ, and Cloud's two prior affidavits, which were attached to the opposition to Airborne's First MSJ.

We review a trial court's grant or denial of summary judgment _de novo_ using the same standard applied by the trial court. Nozawa, 142 Hawaiʻi at 338, 418 P.3d at 1194 (citing Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at 342, 418 P.3d at 1198 (brackets omitted) (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Id. (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Yoneda v. Tom, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006).

The moving party has the burden to establish that summary judgment is proper. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (citing French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)). "Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Id. (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014)). Thus, "a party opposing a motion for summary judgment

cannot discharge his or her burden by alleging conclusions, 'nor is he or she entitled to a trial on the basis of a hope that he or she can produce some evidence at that time.'" Adams v. Haw. Med. Serv. Ass'n, 145 Hawaiʻi 250, 256, 450 P.3d 780, 786 (2019) (brackets omitted) (quoting Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991)).

There are four primary elements to a negligence claim: (1) "A duty or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks"; (2) "A failure on the defendant's part to conform to the standard required:  a breach of duty"; (3) "A reasonably close causal connection between the conduct and the resulting injury"; and (4) "Actual loss or damage resulting to the interests of another." Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawaiʻi 34, 68, 58 P.3d 545, 579 (2002) (citing Dairy Rd. Partners v. Island Ins. Co., 92 Hawaiʻi 398, 419, 992 P.2d 93, 114 (2000)).  Because Lytle claims she suffered injuries caused by the negligent operation of a helicopter, the federal standard of care is applicable.  See Montalvo v. Spirit Airlines, 508 F.3d 464, 473 (9th Cir. 2007) (state courts must apply federal standard of care in aviation negligence cases); Abdullah v. Am. Airlines, Inc., 181 F.3d 363, 372 (3d Cir. 1999) (same).  Under federal law, "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another."  14 C.F.R. § 91.13(a) (2003).

Here, Airborne argued in its motion for summary judgment that Lytle could not prove the requisite carelessness or recklessness by Airborne.  In particular, Airborne produced support for its allegations that:  Airborne operated the helicopter at the direction of Lytle and her subordinates; Lytle prepared the flight plan that was followed by Airborne; Airborne had no control over and did not participate in the collection of debris or the assembly of the bundles of trash and debris; Airborne was dependent on the State to ensure that the landing zone was safe and secure; Kim had previously operated out of the landing zone without incident, including about 10 minutes prior

to the accident; when Kim approached the landing zone with Lytle on board, he conducted a "low recon looking at everything, inspecting everything"; at that time, the landing zone was free of debris; the bundles prepared by the State were away from the center of the landing zone and appeared to be secure to both Kim and State employees; and the tarp that got caught up in the rotors of the helicopter had been collected by the State and was incorporated into a bundle of trash and debris near the landing zone.

In response to Cloud's opinion that Kim breached the standard of care by failing to conduct a "high reconnaissance and a low reconnaissance prior to landing the helicopter in an off airport location[,]" Airborne maintained that there was no evidence that a high reconnaissance would have changed anything, a low reconnaissance had been done, and there was no legitimate dispute that the landing zone was free from debris prior to the landing. Airborne also made specific arguments regarding the claims that the company had negligently hired Kim, supervised him, or entrusted him with the helicopter. Finally, Airborne argued that it could not be vicariously liable absent a showing by Plaintiffs that Kim was liable for negligence. In short, Airborne met its initial burden of producing support for its position that Lytle's negligence claims presented no genuine issue of material fact.

In her opposition, Lytle argued generally that "[d]isputed issues of material fact exist in this case regarding [Lytle's] claims that . . . Kim [and]. . . Airborne were negligent." Lytle also argued that Cloud, as reflected in his deposition transcript and the Third Cloud Affidavit, had stated a number of opinions, which Lytle set forth in a list. Lytle did not identify where in the deposition transcript or affidavit these listed opinions could be found, and did not relate the opinions to any specific "disputed issues of material fact." Significantly, Lytle does not cite to any evidence in the record to support her argument that a high reconnaissance would have alerted Kim to any danger posed by the tarp.

On appeal, in her opening brief's statement of the case, Lytle supplies an abbreviated version of the list of Cloud's opinions, as follows:

> 1) Defendant Kim, as the Pilot in Command of the helicopter on September 12, 2013, had the ultimate responsibility to choose a safe landing site and the landing site was unsafe.
>
> . . . [.]
>
> 5) Defendant Kim operated the helicopter carelessly when he failed to follow appropriate procedures and chose an unsafe landing site which exposed his passengers to unnecessary hazards.
>
> 6) Defendant Kim operated the helicopter carelessly when he failed to land the helicopter in a normal manner while carrying passengers Anastasia Lytle and Alan[] Carpenter and instead delayed normal landing procedures for a passenger carrying flight in order to attempt to line up a sling load long line which he intended to use to transport a sling load bundle of trash on his next flight.
>
> 7) The delay in normal landing procedures for a passenger carrying flight was a cause of the helicopter accident which occurred on September 12, 2013.

Elsewhere in her opening brief, Lytle repeatedly asserts that "disputed issues of fact" exist regarding her negligence claims, but does not identify what those specific facts are, how they are material to the elements of her negligence claims, and where in the record she produced evidence supporting such facts. Instead, Lytle refers generally to the following sources as sufficient to establish unidentified "disputed issues of fact": (1) Cloud's three affidavits, which collectively comprise about 65 pages; (2) Cloud's 283-page deposition transcript; (3) multiple pages of the October 18, 2017 hearing transcript containing the arguments of Lytle's counsel; and (4) "the records and files in th[is] case." We note that the record in this case is over a thousand pages. We are "not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (quoting Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004)); see HRAP Rule 28(b)(4), (7). That is particularly true in this context, where we apply

the same summary judgment standard as the trial court, under which Lytle must "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (quoting Lales, 133 Hawaiʻi at 359, 328 P.3d at 368). Lytle's argument fails on this ground alone.

In any event, we have concluded that the Third Cloud Affidavit, which appears to be the source of the list of Cloud's opinions, was properly disregarded by the Circuit Court. And the list of Cloud's opinions, itself, is conclusory. See Exotics Hawaii-Kona, Inc. V. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 305, 172 P.3d 1021, 1049 (2007) ("[I]n order to defeat a motion for summary judgment, an expert opinion must be more than a conclusory assertion about ultimate legal issues." (original brackets omitted) (quoting Acoba v. Gen. Tire, Inc., 92 Hawaiʻi 1, 14, 986 P.2d 288, 301 (1999))). On this record, Lytle has failed to demonstrate specific facts that present a genuine issue worthy of trial.

For the reasons discussed above, the March 13, 2019 Final Judgment, entered by the Circuit Court of the Fifth Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, April 20, 2023.


On the briefs:

Mark K. Haugen
for Plaintiff-Appellant.

Calvin E. Young,
David J. Hoftiezer, and
Deirdre Marie-Iha
(Goodsill Anderson Quinn &
Stifel)
for Defendants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge